UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>      Plaintiff,            )<br>                                                )<br>-v-                                           )<br>                                                )<br>RICHARD DWAYNE PERRY,   )<br>      Defendant.       )<br>_____) | No. 1:11-cr-187<br><br>HONORABLE PAUL L. MALONEY |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE MODIFICATION

Defendant Richard Perry filed a motion for sentence modification relying on Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c). (ECF No. 144.) The Probation Office concluded Perry was ineligible for sentence modification. Perry filed a response.

In 2012, Perry pled guilty to conspiracy to distributing and to possessing with the intent to distribute more than five kilograms of cocaine. (ECF No. 111 Plea Agreement.) For sentencing purposes, the parties agreed that Perry's relevant conduct involved at least ten kilograms of cocaine, but less than fifteen kilograms, that Perry was not a leader or organizer, and that Perry's actions did not involve the use of a weapon in furtherance of the offense. (*Id.*) The Government agreed to support Perry's request for application of the safety valve provisions in 18 U.S.C. § 3553(f) and USSG § 5C1.2. He was sentenced on May 21, 2012, to 60 months imprisonment, followed by five years of supervised release. (ECF No. 133.)

The mandatory minimum for Perry's offence of conviction was ten years, or 120 months. 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii); 21 U.S.C. § 846. The Court found Perry was eligible for the safety valve. Based on his offense level and criminal history, Perry's Guidelines range was 70 to 87 months. The

Court then varied from the recommended Guideline range and sentenced Perry to a term of five years or 60 months, a sentence equivalent to that of his two co-conspirators who had pled guilty to different charges.

Perry is not eligible for sentence modification. Even if he were eligible, the Court declines to do so. The report issued by the Probation Office calculated Perry's Guidelines range under the November 2014 version, which accounts for the changes associated with Amendment 782. Under the new Guidelines, Perry's range would be 60 to 71 months. The low end of the new range is the sentence that was imposed before Amendment 782. There is no basis for the Court to lower the sentence any further.

Therefore, Perry's motion for a sentence modification (ECF No. 144) is **DENIED. IT IS SO ORDERED.**

Date:   April 28, 2015                                    /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          Chief United States District Judge